**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| CESAR CASTRO, on behalf of himself and all other persons similarly situated,<br><br>    Plaintiff,<br><br>        – vs. –<br><br>DAVID G. FLATT FURNITURE, LTD., DAVID G. FLATT and FABIAN DOE,<br><br>    Defendants. | DOCKET NO. _____<br><br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

        Plaintiff CESAR CASTRO by and through his undersigned

attorneys, for his complaint against defendants DAVID G.

FLATT Furniture, LTD., DAVID G. FLATT, and FABIAN DOE, alleges

as follows, on behalf of himself and on behalf of all other

persons similarly situated:

<u>**NATURE OF THE ACTION**</u>

        1.   Plaintiff Cesar Castro ("Plaintiff") on behalf of

himself and all other persons similarly situated, current and

former employees of defendants David G. Flatt Furniture, LTD., David G. Flatt and Fabian Doe, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from the defendants for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.   Plaintiff further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3.   Plaintiff Cesar Castro is an adult individual residing in Queens, New York.

2

4.     Mr. Cesar Castro consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5.     Defendant David G. Flatt Furniture, LTD. is a domestic business corporation organized under the laws of the State of New York (hereinafter referred to as "David G. Flatt Furniture LTD") with a registered principal place of business at 38-42 Review Ave, Long Island City, New York 11101.

6.     Defendant David G. Flatt Furniture LTD owns and operates a customer furniture design and manufacturing business, located at 38-42 Review Ave, Long Island City, New York 11101.

7.     At all relevant times, defendant David G. Flatt Furniture LTD was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.     At all relevant times, defendant David G. Flatt Furniture LTD has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.     Upon information and belief, at all relevant times, defendant David G. Flatt Furniture LTD has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at all relevant times herein, defendant David G. Flatt Furniture LTD has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

11. Defendant David G. Flatt is the owner and principal of David G. Flatt Furniture LTD, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. At all relevant times, Defendant David G. Flatt was involved in the day-to-day operations of David G. Flatt Furniture LTD and played an active role in managing the business.

13. Defendant Fabian Doe is the manager of David G. Flatt Furniture LTD, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14. At all relevant times, Defendant Fabian Doe was involved in the day-to-day operations of David G. Flatt Furniture LTD and played an active role in managing the business.

15. Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

18.   Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seeks to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by
> defendants in the United States at any time since
> August 31, 2020, to the entry of judgment in this
> case (the "Collective Action Period"), who were
> employees of the defendants, and who were not paid
> statutory minimum wages and/or overtime
> compensation at rates at least one-and-one-half
> times the regular rate of pay for hours worked in
> excess of forty hours per workweek (the "Collective
> Action Members").

19.   The Collective Action Members are similarly situated to Plaintiff in that they were employed by the defendants as non-exempt employees and were denied payment at

the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

20. They are further similarly situated in that the defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

21. Plaintiff and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

22. The exact number of such individuals is presently unknown but is known by the defendants and can be ascertained through appropriate discovery.

## **FACTS**

23. At all relevant times herein, the defendant David G. Flatt owned and operated David G. Flatt Furniture LTD., a Furniture company in Long Island City, New York.

24. Plaintiff Cesar Castro was employed at David G. Flatt Furniture LTD. from approximately 2014, until March 20th 2020.

25. Mr. Cesar Castro was employed as maintenance and then as a carpenter.

26. Mr. Cesar Castro's work was performed in the normal course of the defendants' business, was integrated into the business of the defendants, and did not involve executive or administrative responsibilities.

27.  At all relevant times herein, Mr. Cesar Castro was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

28.  From 2014 until March 20th, 2020, during the months of September through March, Mr. Cesar Castro worked 7 days a week as follows: Sunday 8 a.m. to 4:30 p.m., Monday 8 a.m. to 4:30 p.m., Tuesday 8 a.m. to 4:30 p.m., Wednesday 8 a.m. to 4:30 p.m., Thursday 8 a.m. to 4:30 p.m., Friday 8 a.m. to 4:30 p.m., and Saturday 8 a.m. to 4:30 p.m.

29.  From 2014 Until March 20th 2020, during the months of April through August Mr. Cesar Castro worked 5 days a week as follows: Monday 8 a.m. to 4:30 p.m., Tuesday 8 a.m. to 4:30 p.m., Wednesday 8 a.m. to 4:30 p.m., Thursday 8 a.m. to 4:30 p.m., Friday 8 a.m. to 4:30 p.m.

30.  As a result, he was typically working approximately 42.5hours per week from September through March, and 59.5 hours per week from April through August during his employment by the defendants.

31.  From the beginning of his employment by the defendants, Mr. Cesar Castro was paid by check every week, at an hourly wage of $16.26 per hour with no overtime bonus for hours worked in excess of 40 hours per week and no wage rate increases.

32. As a result, at times Plaintiff's effective rates of pay were each below the statutory New York City minimum wage in effect at relevant times.

33. Defendants' failure to pay Plaintiff an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

34. Plaintiff was been paid by check throughout his employment by the defendants.

35. Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

36. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours he worked was willful and lacked a good faith basis.

37. Defendants also failed to pay Plaintiff an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

38. Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and

intended allowances claimed – and failed to obtain each plaintiff's signature acknowledging the same, upon each plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

39.   Defendants failed to provide Plaintiff with weekly records of his total compensation and total hours worked, in violation of the Wage Theft Prevention Act.

40.   Upon information and belief, throughout Plaintiff's employment, (and throughout the Collective Action Period) and continuing until today, the defendants have likewise employed other individuals like the plaintiff (the "Collective Action Members") in positions at the defendants' customer furniture design and manufacturing  company that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

41.   Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

42.   Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

43. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

44. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

45. Upon information and belief, while the defendants employed the plaintiff and the Collective Action Members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

46. Upon information and belief, while the defendants employed the plaintiff and the Collective Action Members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law — Minimum Wage)

47. Plaintiff, on behalf of himselfs and all Collective Action Members, repeats, realleges, and incorporates by

reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49. Defendants willfully violated Plaintiff's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

50. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

51. Due to the defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from the defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

52. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by

reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, the defendants employed Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

54. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

55. As a result of defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

56. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

57. Due to the defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and

costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

58.  Plaintiff, on behalf of himself sand all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59.  At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60.  Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

61.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

62.  Due to the defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable

attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

63.   Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64.   At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65.   Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

66.   Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

67.  Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

68.  Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69.  At all relevant times, Plaintiff was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70.  Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

71.  Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

72.   Due  to  the  defendants'  New  York  Labor  Law violations  relating  to  the  failure  to  provide  paystubs, Plaintiff  is   entitled  to  recover  from  the  defendants statutory  damages  of  $250  per  day,  for  each  day  by  the defendant  of  his  employment  by  the  defendants,  up  to  the maximum  statutory  damages.

73.   Due  to  the  defendants'  New  York  Labor  Law violations  relating  to  the  failure  to  provide  wage  notices, Plaintiff  is  entitled  to  recover  from  the  defendants statutory  damages  of  $50  per  day  for  each  day  of  his employment  by  the  defendants,  up  to  the  maximum  statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE,  Plaintiff  respectfully  requests  that  this Court  grant  the  following  relief:

    a.   Designation  of  this  action  as  a  collective  action on  behalf  of  the  Collective  Action  Members  and prompt  issuance  of  notice  pursuant  to  29  U.S.C.  § 216(b)  to  all  similarly  situated  members  of  an FLSA  Opt-In  Class,  apprising  them  of  the  pendency of  this  action,  permitting  them  to  assert  timely FLSA  claims  in  this  action  by  filing  individual Consents  to  Sue  pursuant  to  29  U.S.C.  §  216(b),

16

and appointing Plaintiff and his counsel to
represent the Collective Action Members;

b. A declaratory judgment that the practices
complained of herein are unlawful under the FLSA
and the New York Labor Law;

c. An injunction against the defendants and their
officers, agents, successors, employees,
representatives, and any and all persons acting
in concert with them, as provided by law, from
engaging in each of the unlawful practices,
policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at
the statutory overtime rate, due under the FLSA
and the New York Labor Law;

e. Compensatory damages for failure to pay the
minimum wage pursuant to New York Labor Law;

f. Compensatory damages for failure to pay the
"spread of hours" compensation pursuant to New
York Labor Law;

g. An award of liquidated damages as a result of
defendants' willful failure to pay the statutory
minimum wage, overtime, and "spread of hours"
compensation pursuant to 29 U.S.C. § 216;

h.  Liquidated damages for the defendants' New York Labor Law violations;

i.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.

Dated: August 31, 2023

> */s/ Michael Samuel*
> Michael Samuel (MS 7997)
> THE SAMUEL LAW FIRM
> 1441 Broadway
> Suite 6085
> New York, New York 10018
> (212) 563-9884
> *Attorneys for Plaintiff,*
> *Individually and on behalf of an*
> *FLSA collective action*